FILED

Contact Information:

Mark Dempsey

1725 Gibsonia Galloway Rd. #60

Lakeland, Florida 33810

Phone: 214-605-1546

Email: markdempsey112@gmail.com

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

Mark Dempsey, Plaintiff,

v.

United States of America, Defendant.

Case No.: 8:26-CV-260-KKM-SPF

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT (FTCA)**

**I. PARTIES**

Plaintiff, Mark Dempsey, is an adult resident of Lakeland, Florida. Defendant is the United States of America, the proper defendant in an action brought under the Federal Tort Claims Act.

1

I.F.P.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to the Federal Tort Claims Act, which grants district courts jurisdiction over civil actions for money damages against the United States for injury caused by the negligent or wrongful act or omission of a government employee acting within the scope of employment. Venue is proper in this district because the acts and omissions giving rise to this complaint occurred in Lakeland, Florida, within the Middle District of Florida.

## III. CAUSE OF ACTION

This action arises under the Federal Tort Claims Act for negligence resulting in personal injury caused by employees of the United States Postal Service while acting within the scope of their employment.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff, Mark Dempsey, is an adult resident of Lakeland, Florida.

2. On December 26, 2024, Plaintiff was lawfully present at the Lakeland Hills Boulevard Post Office, a facility owned, operated, and controlled by the United States Postal Service.

3.  While entering the post office on December 26, 2024, Plaintiff's left index finger was caught and crushed when an automatic sliding door failed to open as designed, causing immediate injury.

4.  Plaintiff's injury was caused by a defective automatic sliding door located at one of the two main public entrances of the Lakeland Hills Boulevard Post Office. The door appeared to be operational and was the primary entrance routinely used by USPS customers throughout the day. Automatic sliding doors are designed to open in response to light contact or proximity and not to apply force to a customer. Plaintiff briefly and gently placed a single finger between the doors in an attempt to trigger the automatic opening mechanism, reasonably expecting the doors to open safely as designed. He did not insert his hand, apply force, or linger in the doorway, and had no reason to anticipate that the door would close and cause injury.

5.  On December 26, 2024, while Plaintiff was present at the Lakeland Hills Boulevard Post Office, another customer informed Plaintiff that she had been injured by the same automatic sliding door approximately one week earlier and displayed her injured index finger to Plaintiff and to USPS supervisor Chris, who was standing nearby during the interaction. After

Plaintiff asked whether he wanted to speak with her about how the injury occurred, Supervisor Chris did not inquire further and dismissed the matter, stating to Plaintiff, "She is not complaining." During this interaction, Supervisor Chris stated that the Lakeland Hills Boulevard Post Office had five supervisors on staff.

6. Following Plaintiff's injury, USPS employees made dismissive and hostile remarks toward Plaintiff, including calling him a "jerk," stating "Don't wave your blood in front of my face," and referring to him as a "nasty man." No USPS employee offered assistance, rendered aid, or asked Plaintiff any questions regarding the malfunctioning door or how the injury occurred. These remarks and omissions occurred while Plaintiff was visibly injured and bleeding and were part of the circumstances surrounding the incident. They contributed to the physical and emotional effects of the injury, including pain, humiliation, and anxiety, and are therefore properly included as part of the damages arising from the incident.

7. Plaintiff's witness, Debi Hand Walton, was present at the Lakeland Hills Boulevard Post Office on the day of the incident and observed the conditions of the premises before and after Plaintiff's injury. At the time of the incident, Ms.

Walton was in her van in the parking area and observed Plaintiff and USPS supervisor Chris outside the facility. During that time, Ms. Walton observed the automatic sliding door fail to open properly on multiple occasions. Ms. Walton had nearly been injured by the same door a couple of weeks prior to Plaintiff's injury, as documented in her sworn statement (Exhibit C). Ms. Walton maintains a post office box at that location and visits the post office regularly.

8. Plaintiff was put in contact with Ms. Wiedemann-Hudson, Chief Counsel of Torts, after corresponding by email with Postmaster David Steiner regarding his claim. During an August 2025 telephone conversation regarding Plaintiff's administrative claim, Ms. Wendy Wiedemann-Hudson raised the subject of a prior customer injury at the Lakeland Hills Boulevard Post Office before Plaintiff mentioned it. When Plaintiff asked whether USPS acknowledged that prior injury, Ms. Wiedemann-Hudson did not respond. During the same conversation, she referenced facts not contained in Plaintiff's written submissions, including an alleged repair of the door in October 2024 and that the door was later cordoned off for "inspection" or "testing." In a subsequent letter dated November 5, 2025, Ms. Wiedemann-Hudson stated that USPS could not corroborate any prior injury. These statements are inconsistent and reflect that Ms. Wiedemann-Hudson referenced information beyond Plaintiff's

written submissions, while later stating that USPS could not corroborate any prior customer injury.

9.  Plaintiff's left index finger injury required approximately eight months to heal. During that time, Plaintiff experienced significant pain and could not fully use his left hand, which interfered with his ability to type and perform writing-related work. As a writer, Plaintiff also experienced anxiety over the potential loss of hand function. A photograph of Plaintiff's finger taken on April 8, 2025 (Exhibit F) documents the injury and prolonged recovery. Plaintiff's witness, Debi Hand Walton, personally observed Plaintiff during this period and confirmed that the injury was painful and limited his hand use (Exhibit C).

10. Plaintiff sought medical evaluation from two physicians and continued to experience diminished hand function and discomfort during the recovery period.

11. Plaintiff's injuries are further documented by a letter from Dr. Hana Clements submitted with Plaintiff's initial administrative claim (Exhibit D).

12. At the time of Plaintiff's injury, the defective door had not been cordoned off, repaired, or otherwise remedied, and no signs or warnings were posted to alert customers that the door was unsafe. Plaintiff had no notice of any danger and no reason to avoid the entrance.

13. On January 6, 2025, eleven (11) days after the incident, Plaintiff observed the same door cordoned off and access restricted. Two photographs taken that day (Exhibit E) document the cordoning and supports USPS's control of the entrance and its ability to restrict public access. These photographs are offered for those purposes and not to prove negligence.

14. Plaintiff timely submitted an administrative claim under the Federal Tort Claims Act, which was denied (Exhibit A). Plaintiff filed an administrative appeal, which was also denied (Exhibit B). Plaintiff has exhausted all required administrative remedies.

15. Despite proper notice and exhaustion of administrative remedies, the United States has failed to compensate Plaintiff for the injuries and damages sustained.

16. The negligent acts and omissions of USPS employees constituted a breach of the duty of care owed to customers and directly and proximately caused Plaintiff's injuries and damages.

## V. DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff sustained the following damages:

a. Physical injury to his left index finger, including crushing, bleeding, and a hematoma;

b. Pain and suffering;

c. Emotional distress, including anxiety related to impairment of his writing ability;

d. Temporary loss of full use and functionality of his left hand for approximately eight months;

e. Disruption of daily and professional activities, including difficulty typing and performing ordinary tasks;

f. Time and effort devoted to medical care and recovery.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award compensatory damages to Plaintiff in the amount of $5,000, or such

   other amount as the Court deems just and proper; and

2. Grant such other and further relief as the Court deems appropriate.


Respectfully submitted,


Mark Dempsey
Plaintiff, Pro Se

1/26/2026

Date