UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK DEMPSEY,

      Plaintiff,

v.                                Case No. 8:26-cv-260-KKM-SPF

UNITED STATES OF AMERICA,

      Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis.* The undersigned recommends Plaintiff's motion be denied.

A court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that includes a statement of all assets such person possesses and establishes that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

When considering whether a litigant is indigent under section 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. In making this determination, the district court must compare the litigant's assets and liabilities. *Thomas*, 574 F. App'x at 917. "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted). Courts may also consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*. *See, e.g.*, *Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because the plaintiff's total monthly household income, which was derived primarily from the spouse's income, exceeded joint monthly expenses).

A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Martinez*, 364 F.3d at 1307. Rather, an application needs only to show that the litigant, because of poverty, is unable to pay for the court fees and costs while providing necessities for the litigant and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.*

In the affidavit in support of his application, Plaintiff attests to receiving $1,779 per month from retirement and $298 in food-assistance benefits but will receive $1,523 per month from retirement and the same food-assistance benefits within the next month of the date he filed his IFP motion. (Doc. 2 at 2). Plaintiff also represents that he has $5,772 in his checking account and that he does not have any dependents. (*Id.* at 2, 5). Regarding Plaintiff's monthly

2

liabilities, he lists total monthly expenses as being $1,343. (*Id*. at 4-5). Though, in an addendum, Plaintiff states that his food-assistance benefits are "likely to terminate in March" and his monthly health and dental insurance rates are expected to arise. (*Id.* at 6-8). He also states that the funds in his checking account "are reserved for necessary dental care," including an expected $1,022 in dental expenses "in the first quarter of the year" and between $5,000-$6,000 in August for further dental treatment. (*Id.*).

Against this backdrop, the undersigned is unconvinced that Plaintiff cannot allocate funds to pay the Court's filing fee. Plaintiff's monthly expenses do not exceed his monthly income and, while the undersigned is sympathetic toward Plaintiff's anticipated medical expenses, he will retain over $4,700 after his first dental procedure with the next not expected until later in the year after several months of surplus income. While Plaintiff does not have to demonstrate that he is destitute, the undersigned is satisfied that Plaintiff can pay the court's fees and that denying his motion will not sacrifice his access to the courts. *See Newman v. QSR So. Grp., LLC*, 2025 WL 2984678, at *2 (M.D. Ga. Sept. 8, 2025) (denying an IFP motion where the plaintiff had $518 left after expenses each month).

Accordingly, it is hereby RECOMMENDED:

(1) Plaintiff's motion to proceed i*n forma pauperis* (Doc. 2) be **DENIED**; and

(2) Plaintiff be directed to pay the filing fee to continue this action within **fourteen (14) days** of the adoption of this Order, and Plaintiff be advised that failure to timely pay the filing fee may result in the dismissal of this matter without further notice. *See* Local Rule 3.10(a), M.D. Fla.

IT IS SO REPORTED in Tampa, Florida, on March 23, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.